UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELBERT A. WALTON, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00846 ERW |
| | ) | |
| CHARLES E. RENDLEN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Elbert A. Walton, Jr.'s First Amended Motion to Remand Case to State Court [ECF No. 6].

**I.      BACKGROUND**

In April 2014, Plaintiff, Elbert A. Walton, Jr., filed his First Amended Petition for Damages in the 22nd Judicial Circuit Court of the City of Saint Louis, Missouri. In the First Amended Petition, Walton, an attorney practicing law in the State of Missouri, asserts claims of tortious interference with contracts and business expectancies against the Honorable Charles E. Rendlen, III, a bankruptcy judge presiding in the United States Bankruptcy Court for the Eastern District of Missouri.

Walton's specific claims arise out of his legal representation of attorney James Robinson, Robinson's law firm, Critique Services, LLC (Critique), and two Critique employees, Beverly Diltz and Renee Mayweather, in a suit against them by their former client, LaToya Steward. Walton alleges, during the course of this lawsuit, Judge Rendlen, who was presiding over the

suit, issued monetary sanctions against Robinson in a related bankruptcy case.[1] He further contends the parties engaged in settlement negotiations, in part to resolve the sanctions imposed against Robinson.[2] Walton alleges, during these negotiations, Judge Rendlen, acting sua sponte, instructed a member of his staff to deliver a message to the Chapter 7 Trustee, acting as mediator. According to Walton, this message stated

> that in order for the sanctions that had been issued by the court to be withdrawn that as a part of the terms of the settlement that must be agreed upon by the parties, Robinson had to terminate Walton as his counsel and could not retain Walton to provide legal services on any cases in which Robinson was a party in the future.[3]

ECF No. 6-1 at ¶ 18. Walton contends Judge Rendlen's actions constituted retaliation for moving to recuse Judge Rendlen in the related bankruptcy case. Walton further claims, as a result of the alleged communication, Robinson, Critique, Diltz, and Mayweather terminated his

---

[1] The First Amended Petition is vague as to the nature of these sanctions. In his Opposition Memorandum, Judge Rendlen states the sanctions were imposed against Robinson and Critique for failure to comply with discovery requirements.

[2] In his Opposition Memorandum, Judge Rendlen states the sanctions were owed to the Court, and, therefore, were not subject to settlement between the parties.

[3] In his Opposition Memorandum, Judge Rendlen states he instructed the Chapter 7 Trustee, acting as mediator, to advise

> that Robinson and Critique had the option of satisfying the sanctions by an alternate, nonmonetary method. The Chapter 7 Trustee then conveyed this option to Robinson and Walton. This alternate, nonmonetary method required that Robinson and Critique file, under seal, certain information regarding the ownership structure and employees of Critique Services, LLC (a necessary term to clear up the inconsistent representations regarding how Robinson and Critique were affiliated and operated); file a letter of apology for the contempt and admitting that they made, through their attorney, false representations in federal court filings, agree to attend continuing legal education on ethics; and agree to never again be represented by or serve as co-counsel with Walton before this Court (a necessary term to assure that the contempt, as facilitated and promoted by Walton, would not be repeated). If these terms were accepted and performed, the Court would consider satisfied all the sanctions.

ECF No. 7 at 5-6.

employment as their counsel.

On May 2, 2014, Judge Rendlen filed a Notice of Removal pursuant to the federal officer removal provision set forth by 28 U.S.C. § 1442(a)(3). Currently before the Court is Walton's Amended Motion to Remand.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1442,

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

. . .

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.]

"It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430 (1999). The well-pleaded complaint rule dictates a federal question must be evident from the face of the complaint. *Id.* at 430-31. However, "[s]uits against federal officers are exceptional in this regard." *Id.* at 431. That is, "suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Id.* The federal officer removal statute "reflects a congressional policy that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (internal quotations omitted). Thus, "[a]n officer's federal defense need be only colorable to assure the federal court that it has jurisdiction to adjudicate the case[.]" *Id.* To qualify for federal jurisdiction, the removing officer must establish the suit is "for an act under

color of office" by showing a nexus: "a 'causal connection' between the charged conduct and asserted official authority." *Acker*, 527 U.S. at 431 (internal adjustments omitted).

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

### III. DISCUSSION

In his Amended Motion, Walton argues Judge Rendlen's Notice of Removal is procedurally and substantively defective for a number of reasons. His claims, however, generally fall into three categories: (1) he contends the Notice of Removal fails to contain a short and plain statement of the grounds for removal; (2) he claims Judge Rendlen failed to attach appropriate documents to the Notice of Removal; and (3) he argues judicial immunity does not apply in this case, and, thus, there exists no basis for federal jurisdiction. For reasons stated *infra*, the Court denies Walton's Amended Motion to Remand.

#### A. *Short and Plain Statement of Grounds for Removal*

In his first argument for remand, Walton contends the Notice of Removal fails to contain "a short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a). Walton argues the Notice of Removal is vague, indefinite, and uncertain.

Walton's argument is simply refuted by the record, because Judge Rendlen pled the requisite jurisdictional facts in his Notice of Removal. "To qualify for removal, an officer of the federal courts must both raise a colorable federal defense, and establish that the suit is for an act under color of office." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (internal citations and adjustments omitted). The Notice of Removal expressly states "[t]hat acts and/or

omissions alleged against Judge Rendlen are causally related to 'acts under color of office' as a United States Bankruptcy Judge. Judge Rendlen submits that the defense of judicial immunity is applicable." ECF No. 1 at ¶ 4. Contrary to Walton's assertions, additional facts are not necessary, because this language clearly asserts the judicial immunity defense based on the factual allegations set forth by Walton in the First Amended Petition.

In any event, on May 13, 2014, Judge Rendlen filed his Opposition to Plaintiff's Memorandum in Support of Remand [ECF No. 5],[4] explaining in detail the removal of this case based on the federal defense of judicial immunity. The Memorandum was filed less than 30 days from Judge Rendlen's receipt of service of process of the First Amended Petition.[5] Thus, within the 30 days permitted by 28 U.S.C. § 1446(b), Judge Rendlen had not only filed a sufficient Notice of Removal, but had also supplemented his jurisdictional allegations with a detailed, explanatory Memorandum. Walton had the benefit of both these documents when he filed his Amended Motion to Remand. Therefore, Walton does not, and could not, argue he was prejudiced by any purported pleading deficiency in the Notice of Removal. Even if he was, the Court would not remand the case, but would allow Judge Rendlen to amend his Notice of Removal. *See, e.g.*, *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (8th Cir. 2013) (notice of removal may be amended after 30-day period so long as amendments merely add specific facts supporting the originally stated grounds for removal); *Reaves v. Wal-Mart Stores E.*, No. 4:05CV1055 CAS, 2005 WL 2172049, at *2 (E.D. Mo. Aug. 23, 2005) (allowing

---

[4] This document was filed in response to Walton's first Motion to Remand [ECF No. 3], which Walton subsequently abandoned in favor of the instant Amended Motion to Remand. The factual allegations in Judge Rendlen's most recent Opposition Memorandum are substantially the same, if not identical, to those in his first Opposition Memorandum.

[5] The original Petition was served upon Judge Rendlen on April 16, 2014. ECF No. 1-4. According to Walton, the First Amended Petition was served upon Judge Rendlen on April 17, 2014. ECF No. 9 at 6. Judge Rendlen states he was served only with the original Petition. ECF No. 7 at 2. Under any of these circumstances, the Court's conclusion is the same.

amendment of removal notice where plaintiff was not prejudiced by amendment); *LeNeave v. N. Am. Assurance Co.*, 632 F. Supp. 1453, 1456 (D. Minn. 1986) (the absence of prejudice to the plaintiff has been considered by the courts to be a strong factor favoring liberal amendment). Walton's first argument for remand is denied.

### B. *Complete Copy of State Record*

Next, Walton argues, in removing this case, Judge Rendlen to file a complete copy of the state court record pursuant to 28 U.S.C. § 1446(a), which requires a removing defendant to include "a copy of all process, pleadings, and orders served upon such defendant[.]" Walton notes Judge Rendlen filed the original state court Petition,[6] not the First Amended Petition, with his Notice of Removal. While Walton contends the First Amended Petition was served on Judge Rendlen on April 17, 2014, Judge Rendlen responds the state court petition was the only document served upon him, and, thus, the only document he filed with his Notice of Removal.

Factual disputes aside, the Court concludes this technicality would not constitute a proper basis for remand. "The predominant view is that the removing party's failure to file the required state court papers is curable in the federal courts if there is a motion to remand." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1030 (S.D. Ill. 2010) (internal quotations omitted). In this case, while the Notice of Removal "may not have been technically precise, its defects, if any, are curable." *Int'l Gateway Commc'ns, Inc. v. Commc'n Telesystems Int'l, Inc.*, 922 F. Supp. 122, 124 (N.D. Ill. 1996). In fact, Walton promptly cured any defect by filing the First Amended Petition in this Court. *See* ECF No. 6-1. Walton could not possibly have been prejudiced by the alleged defects, because he was familiar with the contents of the First Amended Petition, having prepared it himself, and he timely moved

---

[6] A review of the original Petition and the First Amended Petition reveals these two documents contain substantially the same claims.

for remand. *Commc'n Telesystems Int'l, Inc.*, 922 F. Supp. at 124 ("Again, the plaintiff was not prejudiced because plaintiff itself prepared the summons and its content and service are not at issue."). Because "failure to file some of the necessary papers upon removal to federal court is not irremediable, and has no effect on removal if the case is in its nature removable," the Court denies Walton's second argument for remand. *O'Neal v. Moore*, No. 06-2336 ADM/JSM, 2007 WL 541695, at *16 n.17 (D. Minn. Feb. 16, 2007).

### C. *Judicial Immunity Defense*

Finally, Walton argues Judge Rendlen improperly removed this case, because the First Amended Petition does not raise a federal question, its claims are based solely on state law, and the federal defense of judicial immunity does not apply. Walton states the allegations do not arise out of actions taken "under color of office."[7] 28 U.S.C. § 1442(a)(3).

As an initial matter, contrary to Walton's assertions, remand of this case is not mandated merely because he asserts state law claims. Although "an anticipated or actual federal defense generally does not qualify a case for removal[,] . . . [s]uits against federal officers are exceptional in this regard." *Acker*, 527 U.S. at 431. The federal officer removal statute allows

---

[7] This is peculiar, because the First Amended Petition states,

> The Defendant, in violation of the Code of Judicial Ethics, sua sponte, under color of right emanating from the coercive power of his judicial office, interjected himself into said settlement negotiations and terms for settlement of the contested matter, and tortiously interfered with the Plaintiff's contract with Robinson by, sua sponte, initiating and issuing unsolicited, extra-judicial, out-of-court and ex-parte communications, ***under color of office***, to and through his court staff, and directing, mandating and ordering his said court staff to deliver said communications to the Chapter 7 trustee presiding over the underlying bankruptcy case with directions, instructions, and orders, under color of right, that said Chapter 7 trustee deliver said communications to Robinson as well as to the other parties to the contested matter and counsel for the parties including the Plaintiff.

ECF No. 6-1 at ¶ 16 (emphasis added).

federal question jurisdiction if the defense depends on federal law. *Id.* An officer of the federal courts qualifies for removal if he or she raises a "colorable federal defense" and establishes "that the suit is for an act under color of office." *Id.* (internal quotations and adjustments omitted). "An officer's federal defense need be only colorable to assure the federal court that it has jurisdiction to adjudicate the case[.]" *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006)

Judge Rendlen has met his burden of establishing federal subject matter jurisdiction, because he is a federal officer and has adequately pled the federal defense of judicial immunity, based on the face of the allegations contained in the First Amended Petition. "A judge is immune from suit . . . in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, judges do not enjoy immunity for "nonjudicial action, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* Second, judges are not immune for actions "taken in the complete absence of all jurisdiction," even if such actions are judicial in nature. *Id.*

In light of these two narrow exceptions, the Court concludes Judge Rendlen has stated a "colorable" defense of judicial immunity. First, the allegations describe judicial actions. "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Here, the First Amended Petition alleges Judge Rendlen advised the sanctions would be withdrawn if Robinson terminated Walton and refrained from hiring him in the future. These sanctions were court-imposed, in the course of ongoing litigation over which Judge Rendlen presided. Likewise, the settlement negotiations pertained to ongoing litigation over which Judge Rendlen presided. Clearly, these allegations describe judicial acts.

Second, Walton's allegations fail to describe actions "taken in the complete absence of all jurisdiction." "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotations omitted). "[A]n action – taken in the very aid of the judge's jurisdiction *over a matter before him* – cannot be said to have been taken in the absence of jurisdiction." *Schottel*, 687 F.3d at 373 (internal quotations omitted and emphasis in original). Based on the face of Walton's allegations, the Court easily concludes Judge Rendlen's alleged actions were "in the very aid" of his jurisdiction, which included sanctions orders issued in an ongoing matter over which he presided.

Finally, the Court is not persuaded by Walton's citation to *Harris v. Harvey*, 605 F.2d 330 (1979). In that case, a Wisconsin judge[8] made repeated racially charged remarks about the plaintiff. *Id.* at 333-36. He wrote defamatory letters on official stationery, and accused the plaintiff of being "a fixer, briber, and a sycophant." *Id.* at 334, 337. He was "critical" of the plaintiff and "called for action to be taken against him." *Id.* at 336. Furthermore, the events in *Harvey* occurred "over the course of more than a year," and the judge's acts "involved . . . repeated communications to the press and to city officials[.]" *Id.* at 336. The Seventh Circuit concluded the judge was not entitled to judicial immunity, because the acts at issue were not "to the expectations of the parties" and the parties did not deal with the judge in his judicial capacity. *Id.* (internal quotations omitted). The Court finds *Harvey* highly distinguishable on its facts, and concludes Judge Rendlen has asserted a "colorable" federal defense, sufficient to meet his burden in establishing federal subject matter jurisdiction. Walton's final argument for remand is

---

[8] Because the defendant in *Harvey* was a state judge, the federal officer removal statute was not at issue.

denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Elbert A. Walton, Jr.'s First Amended Motion to Remand Case to State Court [ECF No. 6] is **DENIED.**

Dated this  10th  Day of June, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE